Shawtina F. Lewis (SBN 259255)
shawtina.lewis@nelsonmullins.com
NELSON MULLINS RILEY &
SCARBOROUGH LLP
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Telephone:  424.221.7400
Facsimile:  424.221.7499

Attorneys for Defendants
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY WHITAKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. R. BARD INC., and<br>BARD PERIPHERAL VASCULAR, INC.,<br><br>　　　　Defendants. | Case No.: 1:20-cv-01668-DAD-BAM<br><br>**JOINT MOTION TO STAY DISCOVERY AND ALL PRETRIAL DEADLINES & ORDER** |

Pursuant to Federal Rule of Civil Procedure 26(c) and (d), Plaintiff in the above-titled action and Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard") (Plaintiff and Bard are collectively referred to herein as "the Parties"), respectfully request that this Court temporarily stay discovery and all pretrial deadlines and continue the initial Scheduling Conference in this case for 90 days after entry of the [Proposed] Order while the Parties pursue settlement discussions. In support thereof, the Parties state as follows:

1. This case was originally filed in the State Court of Dallas County, Texas, by a Texas resident serving as lead plaintiff, and joined multiple individual plaintiffs, including the instant plaintiff. The case was subsequently removed by Bard to the United States District Court for the Northern District of Texas, Dallas Division.

2. On August 17, 2020, the Court issued an Order granting the lead plaintiff's Unopposed Motion to Sever and Transfer Venue of Out-of-State Plaintiff's Cases, and the case was transferred to this District and assigned to this Court. [Doc. 21].

3. Since before the transfer of the instant case from the Northern District of Texas, Dallas Division, to this District, the Parties have been engaging in serious settlement discussions. Accordingly, the Parties jointly move this Court for an order staying discovery and pretrial deadlines and continuing the initial Scheduling Conference in this case for 90 days after entry of the [Proposed] Order to allow the Parties to continue to engage in settlement discussions. This will further facilitate settlement discussions and prevent unnecessary expenditures of the parties and judicial resources.

4. A district court has broad discretion over pretrial discovery rulings. *See, e.g.*, *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *accord Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Engineers, Inc.,* 755 F.3d 832, 837 (7th Cir. 2014); *Burns v. EGS Fin. Care, Inc.,* No. 4:15-CV-06173-DGK, 2016 WL 7535365 at *1 (W.D. Mo. Apr. 12, 2016); *see also Cook v. Kartridg Pak Co.,* 840 F.2d 602, 604 (8th Cir. 1988) ("A district court must be free to use and control pretrial procedure in furtherance of the orderly administration of justice."); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)

1  (district courts possess "inherent power to control the disposition of the causes on its docket in a
2  manner which will promote economy of time and effort for itself, for counsel, and for litigants").

3    5.  Under Federal Rules of Civil Procedure 26(c) and 26(d), a court may limit the
4  scope of discovery or control its sequence. *See Britton*, 523 U.S. at 598.  Although settlement
5  negotiations do not automatically excuse a party from its discovery obligations, the parties can
6  seek a stay prior to the cutoff date. *See Sofo v. Pan-American Life Ins. Co.,* 13 F.3d 239, 242
7  (7th Cir. 1994); *Wichita Falls Office Assocs. V. Banc One Corp.,* 978 F.2d 915, 918 (5th Cir.
8  1993) (finding that a "trial judge's decision to curtail discovery is granted great deference," and
9  noting that the discovery had been pushed back a number of times because of pending settlement
10 negotiations).

11   6.  The Parties agree that the relief sought herein is necessary to handle the case in
12 the most economical fashion, yet allow sufficient time to schedule and complete discovery if
13 necessary, consistent with the scheduling obligations of counsel.  The relief sought in this
14 Motion is not being requested for delay, but so that justice may be done.

15 **WHEREFORE**, The Parties jointly request that discovery and all pretrial deadlines be
16 stayed and that the initial Scheduling Conference be continued for 90 days after entry of the
17 [Proposed] Order to allow the Parties to conduct ongoing settlement negotiations.

18                    [Signatures on the following page]
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

DATED: September 15, 2020            Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

/s/ *Shawtina F. Lewis*
Shawtina F. Lewis (SBN 259255)
19191 South Vermont Avenue, Suite 900
Torrance, CA  90502
Telephone: 424.221.7400
Facsimile: 424.221.7499
shawtina.lewis@nelsonmullins.com
Attorney for Defendants
C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.

DATED: September 15, 2020            Respectfully submitted,

FEARS NACHAWATI LAW FIRM

/s/ *Arati Furness (as authorized on 9/8/2020)*
Arati Furness, CA Bar No. 225435
(*admitted in EDCA*)
Steven S. Schulte
Texas Bar No. 24051306
Eric M. Przybysz
Darren McDowell
5473 Blair Road
Dallas, Texas 75231
T: (214) 890-0711/F: (214) 890-0712
afurness@fnlawfirm.com
ericp@fnlawfirm.com
schulte@fnlawfirm.com
dmcdowell@fnlawfirm.com


*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I served a copy of the foregoing pleading on all counsel for all parties, via the CM/ECF system and/or mailing same by United States Mail, properly addressed, and first class postage prepaid, to all counsel of record in this matter.

By: */s/ Shawtina F. Lewis*
Shawtina F. Lewis

**ORDER**

Having considered the parties' stipulation, the Court hereby GRANTS the parties' request. The Initial Scheduling Conference remains set for **December 9, 2020, at 9:30 AM in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe**. All discovery and pretrial deadlines in this action are hereby stayed until the Initial Scheduling Conference. The parties shall file a Joint Scheduling Report in full compliance with the requirements set forth in the Order Setting Mandatory Scheduling Conference and the Court's September 10, 2020 Minute Order at least one (1) full week prior to the Scheduling Conference. (*See* Doc. Nos. 36, 37.) The parties may appear at the conference by telephone with each party using the following dial-in number and access code: ***dial-in number 1-877-411-9748; access code 3219139.*** If the parties file a notice of settlement prior to the conference, then the conference will be vacated. However, if the parties are unable to reach a settlement, then the conference will proceed.

Additionally, the Court notes that the parties filed their stipulation in *Whitaker v. C R Bard, Inc., et al.,* Case No. 2:20-cv-01668-DAD-BAM. However, that matter is closed and, pursuant to the Court's Order Relating and Reassigning Cases dated September 4, 2020, the new case number is 1:20-cv-01668-DAD-BAM. Accordingly, the parties are directed to file all future filings for this case in **Case No. 1:20-cv-01668-DAD-BAM.**

The Clerk of Court is directed to file a copy of the parties' Joint Motion to Stay Discovery and All Pretrial Deadlines (Case No. 2:20-cv-01668-DAD-BAM, Doc. No. 36) in *Whitaker v. C R Bard, Inc., et al.,* Case No. 1:20-cv-01668-DAD-BAM. The Clerk of Court is further directed to file this order in *Whitaker v. C R Bard, Inc., et al.,* Case No. 2:20-cv-01668-DAD-BAM, and in *Whitaker v. C R Bard, Inc., et al.,* Case No. 1:20-cv-01668-DAD-BAM.

IT IS SO ORDERED.

Dated:   **September 15, 2020**          /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE